## D. P. ATWOOD v. E. H. BROOKS.

### (No. 6433.)

APPEAL from Mitchell County. Opinion by WILLSON, J.

H. A. FOWLEKES, counsel for appellant.

No counsel appeared for appellee.

§ 88. *Partnership; proof of; declarations of party sued as partner inadmissible to prove, when.* Brooks sued Atwood & Butler, as copartners, for $140, the purchase price of some bucks. Atwood answered, denying under oath the alleged partnership between Butler and himself in the purchase of the bucks. Butler answered that he purchased the bucks for his individual use, and executed his individual note for the purchase price. Judgment was rendered in both justice's and county court in favor of appellee against Atwood & Butler, as a copartnership, for the amount sued for and costs. It appears from the evidence that Atwood and Butler were partners in the management of a band of sheep belonging to one Carlisle, and that Butler was authorized to purchase

bucks on account of said partnership for this particular lot of sheep. Appellant denies, however, that the bucks purchased by Butler from appellee were purchased on said partnership account, or were used for the Carlisle lot of sheep, but that they were purchased on the individual account of Butler, and for the use of Butler's individual sheep. Appellee was permitted, over the objections of appellant, to prove declarations made by Butler to the effect that he purchased and used the bucks for the partnership of Atwood & Butler. This testimony was, we think, inadmissible, the declarations not having been made in the presence and hearing of Atwood. These declarations constitute the only evidence of a partnership between Atwood and Butler in the purchase of the bucks, and it must therefore be regarded as very material. Without it the evidence does not support the finding of such a partnership, but, on the contrary, preponderates against it, and rather shows that, while Atwood and Butler were partners as to the Carlisle sheep, they were not partners in the bucks purchased by Butler on his individual responsibility, and for use with his individual sheep. Butler testified on the trial that he purchased the sheep for himself and not for Atwood & Butler, and that they were not purchased for the use of the Carlisle sheep, or used for said lot of sheep. His testimony is corroborated strongly by other facts proved. He executed his individual note to appellee for the purchase price of said bucks, which note was accepted by appellee without objection that it was not signed by Atwood. We are of opinion that the admission in evidence of the said declarations of Butler was material error, for which the judgment should be reversed.

§ **89.** *Argument of counsel.* In his argument to the jury, counsel for appellee used the following language: "Gentlemen, three separate juries of Mitchell county have said that Butler and Atwood were partners." This was excepted to by appellant. We must hold that the

statement was unauthorized by the evidence, was improper, and, in view of the evidence in the case, was well calculated to prejudice the rights of the appellant. Because of the errors mentioned, the judgment is reversed and the cause remanded.

April 23, 1890.           Reversed and remanded.